**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO ZEFERINO ALONSO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71131 <br><br> Agency No. A206-408-424 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2020[**]

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Gerardo Zeferino Alonso seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") denial of his requests for asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

1. Petitioner does not challenge the BIA's determination that his asylum application was untimely. Thus, he waived review of that issue. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding that failure to raise an issue in the opening brief results in waiver). We dismiss the petition for review as to Petitioner's asylum claim.

2. Substantial evidence supports the BIA's conclusion that none of Petitioner's proposed social groups qualifies him for withholding of removal. See Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (stating standard of review). Petitioner provided no evidence that he is a member of the proposed social group of people "testifying against" gang members. Petitioner stated only that he reported the gang members' attack to the police, not that he testified against them.

Petitioner likewise points to no evidence that his proposed social group of "people . . . otherwise opposing gang members" meets the particularity requirement. See Reyes v. Lynch, 842 F.3d 1125, 1135 (9th Cir. 2016) (describing requirement). Petitioner did not limit the group to those who take concrete steps to oppose gangs and did not otherwise articulate a specific level or form of

opposition. Cf. Pirir-Boc v. Holder, 750 F.3d 1077, 1084–85 (9th Cir. 2014) (holding that individuals "taking concrete steps to oppose gang membership and gang authority" may satisfy the particularity requirement to constitute a particular social group).

The BIA also did not err in declining to consider the proposed social group of "witnesses who report a crime to the police" that Petitioner articulated for the first time on appeal before the BIA. See Honcharov v. Barr, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (holding that the BIA may refuse to entertain arguments raised for the first time on appeal); see also Matter of W-Y-C & H-O-B-, 27 I. & N. Dec. 189, 191 (BIA 2018) ("Where . . . an applicant delineates a social group for the first time on appeal, the [IJ] will not have had an opportunity to make relevant factual findings, which we cannot do in the first instance on appeal."). Thus, we deny the petition as to the withholding of removal claim.

3. Finally, substantial evidence supports the BIA's conclusion that Petitioner is not eligible for CAT relief. Lopez v. Sessions, 901 F.3d 1071, 1074 (9th Cir. 2018) (stating standard of review). Petitioner admitted that he could not provide any information about his attackers to the police and that he did not know whether the police had investigated his reports. The police's failure to solve the crime does not suffice to show acquiescence. See Doe v. Holder, 736 F.3d 871,

878 (9th Cir. 2013) (noting that we have declined to find government acquiescence because of police inability to solve a crime). Although the documentary evidence that Petitioner submitted recognizes corruption problems within Mexican law enforcement bodies, those general statements do not compel the conclusion that Mexican government officials would acquiesce to Petitioner's torture. Shrestha v. Holder, 590 F.3d 1034, 1049 (9th Cir. 2010). We deny the petition as to Petitioner's claim for CAT relief.

**PETITION DISMISSED IN PART AND DENIED IN PART.**